The Honorable Stanley Russ State Senator P.O. Box 787 Conway, Arkansas 72032-0787
Dear Senator Russ:
This official Attorney General opinion is rendered in response to several questions you have presented concerning the unauthorized practice of law by collection agencies. You have asked:
 (1) Does the hiring, retaining, directing, furnishing, or selecting of a lawyer by a collection agency for a creditor violate either A.C.A. § 16-22-211 or Act 1301 of 1997?
 (2) Does the splitting of proceeds from a lawsuit between a collection agency and a creditor violate either A.C.A. § 16-22-211 or Act 1301 of 1997?
 (3) Can a delinquent account receivable be defined as a "property damage" within the meaning of Act 1301 of 1997, since the creditor has a property right in that account?
 (4) Does the making, offering, or accepting of a "payment plan" or a time pay arrangement different from the original contract by a collection agency for a creditor, constitute a violation of either A.C.A. § 5-63-302 (the debt adjusting statute) or Act 1301 of 1997?
 (5) If a collection agency enters into a contingent fee contract with a creditor to represent that creditor's property rights with an attempted assignment of a portion of the creditor's cause of action, does that violate either A.C.A. § 16-22-211 or Act 1301 of 1997?
RESPONSE
Matters involving the constitutionality of Act 1301 and the issues you have raised are currently the subject of formal litigation,[1] the outcome of which could directly impact your questions. These questions implicate issues that are inextricably intertwined with the pending litigation. Moreover, the Office of the Attorney General represents the state in the litigation involving Act 1301. For these reasons, I believe that it would be inappropriate for me to issue an opinion regarding these matters.
In addition, it is a long-standing policy of this office not to issue legal opinions on matters that are pending before the courts for determination. Such matters are properly decided by the judiciary; commentary from any of the other branches of government would present a threat to the constitutional principle of separation of powers.
I must therefore decline to opine regarding the matters about which you inquired.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] See Pulaski County Circuit Court, CIV 97-9751.